IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 1:14-cr-00257 (RDA) |
| JEROME LEWIS SHEPHERD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jerome Lewis Shepherd's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). Dkt. 62. Considering the Motion, the Government's Response in Opposition to the Motion ("Opposition") (Dkt. 68), and Defendant's Reply in Support of the Motion (Dkt. 69), and for the reasons that follow, it is hereby ORDERED that Defendant's Motion is DENIED.

### I. BACKGROUND

#### A. Defendant's Conviction

On October 16, 2014, Defendant pleaded guilty to a single count of conspiring to distribute 28 grams or more of cocaine base and 500 grams of grams or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. *See* Dkt. Nos. 17; 36; 37. Accordingly, on January 16, 2015, he was sentenced to 133 months of imprisonment, to be followed by five years of supervised release. *See* Dkt. Nos. 49; 50. Defendant is currently serving his sentence of imprisonment in the custody for the Bureau of Prisons ("BOP") at The Federal Medical Center, Lexington ("FMC Lexington"). Dkt. 62, 1. The parties have indicated that Defendant is scheduled to be released from BOP custody on August 9, 2022. *See* Dkt. Nos. 62, 1; 68, 1.

B.  COVID-19

According to the Centers for Disease Control and Prevention ("CDC"), "Coronavirus (COVID-19) is an illness caused by a virus that can spread from person to person." One "can become infected from respiratory droplets when an infected person coughs, sneezes, or talks." People "may also be able to [contract the virus] by touching a surface or object that has the virus on it, and then by touching [their] mouth, nose, or eyes." On March 11, 2020, the World Health Organization ("WHO") declared COVID-19 a pandemic. Jaime Ducharme, *World Health Organization Declares COVID-19 a 'Pandemic.' Here's What That Means*, TIME MAGAZINE, Mar. 11, 2020, https://time.com/5791661/who-coronavirus-pandemic-declaration/, (last visited May 5, 2021). Currently, there are three vaccines authorized and recommended in the United States to prevent COVID-19. For those who are not yet vaccinated, the CDC advises that the "best way to protect [one]self is to avoid being exposed to the virus that causes COVID-19." The CDC further counsels that good preventative measures include (1) avoiding close contact with others; (2) wearing a face mask; (3) cleaning and disinfecting frequently touched surfaces; and (4) frequent hand washing with soap and water for a minimum of 20 seconds. The CDC has also indicated that while everyone is at risk of contracting the virus, "[o]der adults and people of any age who have serious underlying medical conditions may be a higher risk for more severe illness."

II.  ANALYSIS

Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), this Court immediately release him from FMC Lexington, where he is currently serving his sentence of imprisonment. *See generally* Dkt. 62. Defendant makes this request in light of the ongoing COVID-19 pandemic. *Id*. at 6-12.

2

Section 3582(c) provides in relevant part that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must first consider whether Defendant has exhausted the remedies set forth in Section 3582(c)(1)(A), such that this Court may evaluate the merits of Defendant's Motion. Second, should the Court find that Defendant has, in fact, exhausted the Section 3582(c)(1)(A) remedies, the Court must determine whether extraordinary and compelling reasons exist to justify his compassionate release. The Court will address both of these issues in turn.

A. Exhaustion of Remedies

The parties agree that on July 24, 2020, Defendant emailed the Warden of FMC Lexington and asked, "Can [you] please put me in for the compassionate release please[.]" Dkt. 68-1. In response to this request, on October 27, 2020, the Warden responded to Defendant and indicated that "there are certain criteria which [ ] [Defendant] must meet in order to be considered for [ ] [compassionate release]." Dkt. 68-2, 2. The Warden further indicated that he had "received and reviewed" Defendant's request for compassionate release and noted that Defendant did "not provide any clarification on how [ ] [he] would like to be considered for the program." *Id*. "Based on the lack of information" the Warden denied Defendant's request for

3

compassionate release. Thereafter, Defendant commenced his request for compassionate release in this Court. *See* Dkt. 59.

Because there appears to have been more than a "lapse of 30 days" between the date that the Warden received Defendant's request for compassionate release and the date Defendant filed this Motion, the Court finds that Defendant has exhausted his administrative remedies under § 3582(c)(1)(A). Thus, this Court is in a position to consider the merits of Defendant's Motion.

B. Whether Release is Warranted

Turning to whether such conditions exist to justify Defendant's release, this Court finds under the present circumstances, "extraordinary and compelling reasons" do not exist to warrant his release pursuant to § 3582(c)(1)(A).

Congress has not defined what constitutes "extraordinary and compelling" circumstances under § 3582. Instead, Congress has delegated to the United States Sentencing Commission ("the Commission") the responsibility of defining the scope of that phrase. *Id*. Accordingly, 28 U.S.C. § 994(t) provides that:

> [t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Commission determined, in pertinent part, that:

> [u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) Extraordinary and compelling reasons warrant the

reduction; . . .[1] (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  Further, the Commission has indicated that if a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," then, "extraordinary and compelling reasons exist" where the defendant's medical condition, age, family circumstances, or other reason justify release.  U.S.S.G. § 1B1.13, cmt. n. 1.

After the enactment of the First Step Act, many district courts, including this Court, have determined that the factors set forth in U.S.S.G. § 1B1.13, cmt. n. 1 "'provide[ ] helpful guidance, [but] . . . do[ ] not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019), and citing *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); *United States v. Fox*, No. 2:14-cr-02-DBH, 2020 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Redd*, 444 F. Supp. 3d 717, 725-26 (E.D. Va. 2020); *United States v. Young*, 458 F. Supp. 3d 838, 844-45 (M.D. Tenn. 2020); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *2-3 (D. Utah Feb. 18, 2020) (collecting cases)).  To be sure, Section 3582(c)(1)(A) "requires [ ] that sentence reductions be consistent with 'applicable policy statements.'"  *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Recently, the United States Court of Appeals for the Fourth Circuit has determined that "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary

---

[1] Defendant is not "at least 70 years old[,]" U.S.S.G. § 1B1.13, and thus, the omitted subsection (1)(B) is inapplicable to the case at hand.  Dkt. 53, 2.

and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (emphasis is original) (quoting 18 U.S.C. § 3582(c); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

As such, this Court has "join[ed] other courts in concluding that a court may find . . . that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n. 1(A)-(C) . . . ." *Redd*, 444 F. Supp. 3d at 726. Accordingly, this Court will treat the Section 1B1.13 cmt. n. 1(A)(C) factors as a guide but not as an exhaustive list of circumstances that could justify compassionate release. *See also United States v. Jackson*, No. 3:17-cr-29-02, 2021 WL 1723653, at * 1 (E.D. Va. Apr. 30, 2021) (finding "[t]he policy statements are not binding but are informative and may be considered.") (citing *McCoy*, 981 F.3d at 276).

However, for the reasons that follow, the Court does not find that release is warranted.

### i. 18 U.S.C. § 3553(a) Factors

As set forth above (*supra*, p. 5), before this Court should even consider whether the circumstances at hand are "extraordinary and compelling," the Court should first consider the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) requires that the Court consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for– . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, on January 16, 2015, Defendant was sentenced to a term of 133 months of imprisonment to be followed by a five-year term of supervised release. Dkt. 49. In considering each of the factors set forth in § 3553(a), this Court finds that a term of 133 months of imprisonment remains appropriate, particularly in light of the nature of the offense that Defendant committed (*supra*, p. 1). On the one hand, this Court recognizes and appreciates Defendant's efforts to rehabilitate during his term of imprisonment. *See* Dkt. 62, 13. It appears that during his incarceration, Defendant has sought to take advantage of educational opportunities, and has participated in a residential drug treatment program, as recommended by the Court. *Id*. He represents that he has also taken courses in parenting, financial management, and driver's education, and has completed his GED. *Id*.

In the instant circumstances of this case, Defendant has admitted to having participated in dangerous activity—a conspiracy to distribute a substantial amount of cocaine and cocaine base. *See* Dkt. 37. In addition, notwithstanding the instant conviction, Defendant brought before this Court a significant criminal record, which includes convictions of grand larceny, attempted possession with intent to distribute cocaine, malicious wounding, assault on a law enforcement office, and possession of cocaine—all very serious convictions. *See* Dkt. 53, 10-18. Considering this, the Court finds that the application of the § 3553(a) factors weigh in favor of continued detention.

ii. U.S.S.G. § 1B1.13, cmt. n. 1(A)-(C) Factors

Moreover, neither do Defendant's medical conditions, age, nor apparent family circumstances, indicate "extraordinary and compelling reasons" that warrant a reduction in the term of Defendant's imprisonment.

a. Medical Condition of Defendant

With respect to medical conditions, U.S.S.G. §1B1.13, cmt. n. 1(A) provides that an "extraordinary and compelling reason" exists where:

> (i) [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13, cmt. n. 1(A)(i). Additionally, subsection (ii) of that same provision further indicates that a defendant's medical conditions may be indicative of a "an extraordinary and compelling reason" for release when a defendant is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n. 1(A)(ii).

Defendant has not demonstrated to the Court that he has a medical condition that can be presently described by the characteristics set forth in U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) and (ii). While Defendant has indicated that he has been diagnosed with hypertension, is a smoker, and has a body mass index ("BMI") over 30 (Dkt. 62, 7), Defendant has not described these conditions on their own as being "terminal," or having a prognosis "from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

Significantly, Defendant has also failed to sufficiently show that his medical needs will not be met while serving his prison term at FMC Lexington or that Defendant will be able to obtain or afford better medical care when released. To be sure, the mere existence of COVID-19 in society and the chance that the virus may possibly spread to a particular prison alone cannot

on its own justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. White*, No. 3:18-cr-61, 2020 WL 3442171 at *5 (E.D. Va. June 23, 2020) ("Defendant's request for release on home confinement is based upon nothing more than "the mere possibility that COVID-19 will spread to his facility"—a fear that is insufficient to justify release." (citing *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). Courts sitting in the Eastern District of Virginia "[h]ave found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, __ F.3d __, No. 2:20-cr-150, 2020 WL 1906845 at * 1, fn. 2 (E.D. Va. Apr. 17, 2020) (quoting *Feiling*, 453 F. Supp. 3d at 841). Defendant has not made the requisite showing of a "particularized susceptibility" and a "particularized risk of contracting the disease at his prison facility." *Id*.

Accordingly, the Court finds that the grounds set forth in U.S.S.G. § 1B1.13, cmt. n. 1(A)(i) and (ii) do not warrant Defendant's release.

b. Age of Defendant

Further, because Defendant is 44 years old, his age does not support a finding of immediate release from imprisonment. Dkt. 53, 2. United States Sentencing Guideline § 1B1.13, cmt. n. 1(B) indicates that "extraordinary and compelling reasons" exist where "[t]he defendant (i) is *at least 65 years old*; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n. 1 (B) (emphasis added). Defendant does not meet the age requirement, which further supports a finding that compassionate release is inappropriate.

c. Family Circumstances

Additionally, "extraordinary and compelling reasons" for release may exist when "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred or where "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,]" has taken place. U.S.S.G. § 1B1.13(C). Defendant has not presented to the Court any evidence to meet these requirements. Accordingly, the Court will not grant release on this ground.

d. Other Reasons

Finally, U.S.S.G. § 1B1.13(D) explains that "extraordinary and compelling" circumstances may be present where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." For the reasons set forth above (*supra*, p. 4-6), this Court will not rely on the provision of subsection C that requires that an additional reason be first "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(D). Accordingly, this Court will address the "other reasons" that Defendant argues justify his immediate release – namely that by virtue of it being a prison, inmates at FMC Lexington are generally at a heightened risk for contracting COVID-19. Dkt. 62, 9-12.

This Court recognizes the importance of Defendant's health, the health of all persons detained, and the significance of the public health emergency triggered by COVID-19. The Court does not take these circumstances lightly. However, as this Court has indicated on prior occasions, "the threat of COVID-19 both in- and outside of prison walls, and Defendant's fear of contracting COVID-19 cannot justify his release." *Feiling*, 453 F. Supp. 3d at 842. As set forth above (*supra,* p. 8-9), Defendant has not made a particularized showing of susceptibility to the

disease or a particularized risk of contracting the disease at his specific prison facility. This is particularly true where three COVID-19 vaccines are becoming increasingly available on an ongoing basis. Significantly, as of the date of this Order, the BOP has reported that it has administered a total of 167,230 vaccines. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 11, 2021). Thus, the Court must reject Defendant's argument on this point.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 62) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
May 11, 2021

/s/ 
Rossie D. Alston, Jr.
United States District Judge